UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUPREE, | CV F   05 1289 REC SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR INJUNCTIVE RELIEF (Doc. 10.) |
| v. | |
| HICKMAN, et. al., | |
| Defendants. | |

Christopher DuPree ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on October 12, 2005.  On December 8, 2005, the Court granted Plaintiff's Application to Proceed In Forma Pauperis.  On December 23, 2005, Plaintiff filed a pleading titled "Request for Permanent Injunction."  Plaintiff complains in this document that his access to the Court's is being impeded by prison officials who have confiscated his legal materials and have also failed to process his trust account statements with respect to his Application to Proceed In Forma Pauperis.  In addition, Plaintiff contends that he has no access to a law library, and that prison officials have retaliated against him by transferring him to another institution.  Plaintiff requests that the Court issue a Court Order requiring the institution to grant him unlimited access to the law library, a transfer to a disability placement program, single cell status, return of his property and any other relief the Court deems appropriate.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v.

1

1  Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who
2  "demonstrates either (1) a combination of probable success and the possibility of irreparable
3  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
4  Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either
5  approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an
6  injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a
7  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or
8  questions serious enough to require litigation."  Id.

9  With respect to law library access, a preliminary injunction does not serve the purpose of
10 ensuring that Plaintiff is able to litigate this action effectively or efficiently.  While inmates have
11 a fundamental constitutional right of access to the courts, this right is merely the right to bring to
12 court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas
13 petitions, and civil rights actions.  Lewis v. Casey, 518 U.S. 343, 354 (1996).  The State is not
14 required to enable the inmate to discover grievances or to litigate effectively once in court.  Id.

15 Further, as stated above, a federal court is a court of limited jurisdiction.  Because of this
16 limited jurisdiction, as a threshold and preliminary matter the court must have before it for
17 consideration a "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court
18 does not have a "case" or "controversy" before it, it has no power to hear the matter in question.
19 Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).  The issuance of the orders sought
20 by Plaintiff in his motions would not remedy any of the claims alleged in this action.
21 Accordingly, the court lacks jurisdiction to issue such orders.

22 With respect to Plaintiff's vague, generalized allegations of retaliation and harassment, it
23 is not the purpose of a preliminary injunction to prevent such speculative behavior.  Accordingly,
24 this form of injunctive relief is not available.  City of Los Angeles v. Lyons, 461 U.S. 95 (1983).

25 With regard to Plaintiff's request for transfers, the Court again is not authorized to order
26 that he be housed in a particular facility.  As in the above instances, the court must have before it
27 a case or controversy to hear the matter in question.  Plaintiff's request for housing in a particular
28 facility do touch the basis of his claims for relief in the action.  However, as the Court has yet to

1  determine whether the action states a claim for relief, it cannot consider Plaintiff's request for
2  injunctive relief. Even had the Court made such a determination, prisoners have no
3  constitutional right to incarceration in a particular institution. See Meachum v. Fano, 427 U.S.
4  215, 224, 96 S.Ct. 2532 (1976). Thus, such allegation would fails to state a federal claim for
5  relief thereby requiring dismissal.

6  Finally, as stated above, Plaintiff's Application to Proceed In Forma Pauperis was granted
7  on December 8, 2005. A review of the Court Order indicates that the Court received whatever
8  documentation was necessary to review and grant the request. Thus, Plaintiff's allegations
9  concerning the In Forma Pauperis application are moot.

10  Accordingly, the Court RECOMMENDS that the Motion for Injunctive Relief be
11  DENIED.

12  The Court HEREBY ORDERS that these Findings and Recommendations be submitted
13  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
14  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
15  District Court, Eastern District of California. Within THIRTY (30) days after being served with
16  a copy of these Findings and Recommendations, any party may file written Objections with the
17  Court and serve a copy on all parties. Such a document should be captioned "Objections to
18  Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served
19  and filed within TEN (10) court days (plus three days if served by mail) after service of the
20  Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
21  § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time
22  may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153
23  (9th Cir. 1991).
24  IT IS SO ORDERED.

25  **Dated:   January 13, 2006**              /s/ Sandra M. Snyder
    icido3                                    UNITED STATES MAGISTRATE JUDGE
26
27
28