# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUPREE,<br><br>   Plaintiff,<br><br>   v.<br><br>HICKMAN, et. al.,<br><br>   Defendants.<br>_____/ | CV F   05 1289 REC SMS P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE AMENDED COMPLAINT<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Christopher DuPree ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on October 12, 2005, naming Roderick Hickman, Jeanine Woodford, A.K. Scribner, T. Hudgins, C. Crammer, S. Taloerico, J. Diaz, J. Hill, L. James, D. Nunez, A. Garcia as Defendants in this action.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that he has been subjected to discriminatory and retaliatory actions based on his physical disabilities and for exercising his first amendment rights for filing litigation in federal court, requesting modifications under the American's with Disabilities Act, for pursuing proper medical treatment, and for exercise of his religious freedoms.   Plaintiff alleges the destruction of personal property.  Plaintiff is seeking monetary damages and an investigation.

**C. DISCUSSION**

*1. American's With Disabilities Act*

The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . .  "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." Roundtree v. Adams, 2005 WL 3284405 (E.D. Cal. 20050) *citing* Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000).  The term "public entity," "as it is defined within the statute, does not include individuals." Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 ($8_{th}$ Cir. 1999); see also 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." Walker v. Snyder, 213 F.3d 344, 346 ($7_{th}$ Cir. 2000); *accord* Miller v. King, 384 F.3d 1248, 1276-77 ($11_{th}$ Cir. 2004); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); Montez v. Romer, 32 F.Supp.2d 1235, 1240-41 (D. Colo. 1999) (finding that

individual liability does not exist under the ADA); Butler v. City of Prarie Village, 172 F.3d 736, 744 (10th Cir. 1999); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Gallo v. Bd of Regents of the University of California, 916 F.Supp. 1005, 1009 (S.D. Cal. 1995.)

Accordingly, Plaintiff's ADA claim for relief against Defendants, all of whom are individuals, is not cognizable and Defendants are entitled to summary judgment as a matter of law.

### 2. *Retaliation*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

Here, although Plaintiff states that he experienced retaliation for filing federal litigation, Plaintiff provides insufficient facts linking a specific Defendant to a particular act or omission giving rise to the retaliation. As such, Plaintiff fails to state a claim for relief for retaliation.

### 3. Eighth Amendment Medical Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, as in the case above, Plaintiff fails to allege specific facts giving rise to an Eighth Amendment claim and also fails to link named Defendants to such violation.

### 4. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff does not allege sufficient facts or link named Defendants to them such that he alleges a cognizable First Amendment claim for relief.

### 5. Destruction of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process

Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation was authorized or unauthorized. Further, in the event that the destruction was authorized and therefore actionable under Section 1983, Plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as Plaintiff was provided with process, prison officials may deprive him of his property.

### 6. 1st Amendment - Religion

In order to establish a violation of the First Amendment right to free exercise of religion, a prisoner must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. Freeman v. Arpaio, 125 F.3d 732 (9th Cir.1997). "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Id. at 737 (internal quotations and citations omitted).

Plaintiff again makes only a conclusory statement that his right to practice his religion has been violated but he provides no specific facts supporting his allegations nor does he link any Defendants to acts or omissions giving rise to a First Amendment violation.

### 7. Supervisory Liability

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim

for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

   Plaintiff has not alleged any facts indicating that any of the Defendants named who occupy a supervisory position personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.  Accordingly, Plaintiff also fails to state a claim for supervisory liability.

**D.  CONCLUSION**

   The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

   Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Amended Complaint must specifically state how each Defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

1  be complete in itself without reference to any prior pleading.  As a general rule, an Amended
2  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
3  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
4  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each
5  claim and the involvement of each defendant must be sufficiently alleged.  The Amended
6  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
7  appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Complaint is DISMISSED with leave to amend; and
3. Plaintiff is GRANTED THIRTY (30) days from the date of service of this order to:
   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or
   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.  See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:  December 21, 2006**            /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE